LIONEL Z. GLANCY (#134180)
ROBERT V. PRONGAY (#270796)
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

*Attorneys for Plaintiff Thomas C. Mowdy*
[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. MOWDY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS S. ROONEY, JR., ALEXANDER J. BUEHLER, JOEL GAY, and ENERGY RECOVERY, INC.,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Thomas C. Mowdy ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, alleges in this Complaint the following upon knowledge with respect to his own acts, and upon facts obtained through an investigation conducted by his counsel, which included, inter alia: (a) review and analysis of relevant filings made by Energy Recovery, Inc. ("Energy Recovery" or the "Company") with the United States Securities and Exchange Commission (the "SEC"); (b) review and analysis of Defendants' public documents, conference calls and press releases; (c) review and analysis of securities analysts' reports and advisories concerning the Company; and (d) information readily obtainable on the Internet. Plaintiff believes that further substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery. Most of the facts supporting the allegations contained herein are known only to Defendants or are exclusively within their control.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of all persons and entities, other than Defendants, who purchased the common stock of Energy Recovery during the period March 14, 2012 through January 13, 2015, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws and pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2. Energy Recovery designs, develops, and manufactures energy recovery devices that transform untapped energy into reusable energy from industrial fluid flows and pressure cycles. The company markets its products directly to customers through its sales organization, as well as through authorized independent sales agents in the United States and internationally.

3. Throughout the Class Period, Defendants made false and/or misleading statements, and failed to disclose deficiencies in its internal controls. Specifically, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that its Chief Sales Officer/Senior

Vice President of Sales had breached a duty of trust and engaged in conduct which created a conflict of interest with the Company.

4. When the market learned of this breach, the Company's stock price plunged, damaging investors.

## JURISDICTION AND VENUE

5. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j (b) and 78t (a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

6. This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

7. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b) as the Company conducts business in this district.

8. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

9. Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Energy Recovery common stock at artificially inflated prices during the Class Period and has been damaged thereby.

10. Defendant Energy Recovery is a Delaware corporation with headquarters in San Leandro, California. It is an industry leader in capturing reusable energy from industrial fluid flows and pressure cycles. During the Class Period the Company's stock was traded on the NASDAQ Stock Market ("NASDAQ") under the symbol "ERII."

11. Defendant Thomas S. Rooney, Jr. ("Rooney") has been the President and Chief Executive Officer of the Company, as well as a Director of the Company at all relevant times.

12. Defendant Alexander J. Buehler ("Buehler") was the Chief Financial Officer of the Company at all relevant until his abrupt resignation on June 25, 2014.

13. Defendant Joel Gay ("Gay") has been the Chief Financial Officer of the Company since June 27, 2014.

14. Defendants Rooney and Buehler are collectively referred to hereinafter as the "Individual Defendants."

15. Each of the Individual Defendants:

a) directly participated in the management of the Company;

b) was directly involved in the day-to-day operations of the Company at the highest levels;

c) was privy to confidential proprietary information concerning the Company and its business and operations;

d) was involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

e) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and

f) approved or ratified these statements in violation of the federal securities laws.

16. As officers, directors, and controlling persons of a publicly-held company whose common stock is and was registered with the SEC pursuant to the Exchange Act, and was traded on NASDAQ and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate accurate and truthful information promptly with respect to the Company's financial condition and to correct any previously-issued statements that had become materially

misleading or untrue to allow the market price of the Company's publicly-traded stock to reflect truthful and accurate information.

17. Energy Recovery is liable for the acts of the Individual Defendants and its employees under the doctrine of respondeat superior and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

18. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Energy Recovery under respondeat superior and agency principles.

## SUBSTANTIVE ALLEGATIONS

19. The class period starts on March 14, 2012, when the Company filed a materially false and misleading Form 10-K for the fiscal year ended December 31, 2011 (the "2011 10-K") with the SEC, which misstated that the Company's internal control over financial reporting was effective.

20. The 2011 10-K was signed by Defendants Rooney and Buehler. Attached to the 2011 10-K were the Sarbanes-Oxley Act of 2002 ("SOX") certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2011 10-K.

21. On May 9, 2012, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended March 31, 2012 (the "2012 First Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

22. The 2012 First Quarter 10-Q was signed by Defendants Rooney and Buehler. Attached to the 2012 First Quarter 10-Q were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2012 First Quarter 10-Q.

23. On August 7, 2012, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended June 30, 2012 (the "2012 Second Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

24. The 2012 Second Quarter 10-Q was signed by Defendants Rooney and Buehler. Attached to the 2012 Second Quarter 10-Q were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2012 Second Quarter 10-Q.

25. On November 8, 2012, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended September 30, 2012 (the "2012 Third Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

26. The 2012 Third Quarter 10-Q was signed by Defendants Rooney and Buehler. Attached to the 2012 Third Quarter 10-Q were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2012 Third Quarter 10-Q.

27. On March 12, 2013, the Company filed a materially false and misleading Form 10-K for the fiscal year ended December 31, 2012 (the "2012 10-K") with the SEC, which misstated that the Company's internal control over financial reporting was effective.

28. The 2012 10-K was signed by Defendants Rooney and Buehler. Attached to the 2012 10-K were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2012 10-K.

29. On May 9, 2013, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended March 31, 2013 (the "2013 First Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

30. The 2013 First Quarter 10-Q was signed by Defendants Rooney and Buehler. Attached to the 2013 First Quarter 10-Q were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2013 First Quarter 10-Q.

31. On August 6, 2013, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended June 30, 2013 (the "2013 Second Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

32. The 2013 Second Quarter 10-Q was signed by Defendants Rooney and Buehler. Attached to the 2013 Second Quarter 10-Q were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2013 Second Quarter 10-Q.

33. On November 7, 2013, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended September 30, 2013 (the "2013 Third Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

34. The 2013 Third Quarter 10-Q was signed by Defendants Rooney and Buehler. Attached to the 2013 Third Quarter 10-Q were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2013 Third Quarter 10-Q.

35. On March 11, 2014, the Company filed a materially false and misleading Form 10-K for the fiscal year ended December 31, 2013 (the "2013 10-K") with the SEC, which misstated that the Company's internal control over financial reporting was effective.

36. The 2013 10-K was signed by Defendants Rooney and Buehler. Attached to the 2013 10-K were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2013 10-K.

37. On May 8, 2014, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended March 31, 2014 (the "2014 First Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

38. The 2014 First Quarter 10-Q was signed by Defendants Rooney and Buehler. Attached to the 2014 First Quarter 10-Q were the SOX certifications signed by Defendants Rooney and Buehler falsely attesting to the accuracy of the 2014 First Quarter 10-Q.

39. On June 25, 2014, the Company announced the sudden resignation of Defendant Buehler, effective that day.

40. On August 7, 2014, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended June 30, 2014 (the "2014 Second Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

41. The 2014 Second Quarter 10-Q was signed by Defendants Rooney and Gay. Attached to the 2014 Second Quarter 10-Q were the SOX certifications signed by Defendants Rooney and Gay falsely attesting to the accuracy of the 2014 Second Quarter 10-Q.

42. On November 10, 2014, the Company filed with the SEC a materially false and misleading Form 10-Q for the quarterly period ended September 30, 2014 (the "2014 Third Quarter 10-Q"), which failed to disclose deficiencies in the Company's internal control over financial reporting.

43. The 2014 Third Quarter 10-Q was signed by Defendants Rooney and Gay. Attached to the 2014 Third Quarter 10-Q were the SOX certifications signed by Defendants Rooney and Gay falsely attesting to the accuracy of the 2014 Third Quarter 10-Q.

## <u>The Truth Begins to Emerge</u>

44. On September 10, 2014, the Company issued a press release and filed as a Form 8-K with the SEC on the following day announcing the search for a new Chief Sales Officer. It states in relevant parts:

> Energy Recovery Inc. (Nasdaq:ERII), the leader in capturing reusable energy from industrial fluid flows and pressure cycles, today announced that ***effective immediately, it has terminated the employment relationship with its Senior Vice President of Sales, Borja Sanchez-Blanco, for cause. The Company recently became aware that Mr. Blanco had breached a duty of trust and engaged in conduct which created a conflict of interest with the Company over the course of several years, not in keeping with the Company's standards for ethics and integrity.***

(emphasis added)

45. On this news, shares of the Company fell $0.15 per share or over 3% from its previous closing price to close at $4.03 per share on September 11, 2014, damaging investors.

46. On January 13, 2015, the Company issued a press release and filed a Form 8-K with the SEC announcing the abrupt resignation of Defendant Rooney as its Chief Executive Officer.

47. On this news, shares of the Company fell $0.54 per share or over 12% from its previous closing price to close at $3.90 per share on January 14, 2015, damaging investors.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

48. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Energy Recovery securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

49. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Energy Recovery Class Period, securities of Energy Recovery were actively traded on the NASDAQ Global Select Market. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Energy Recovery or their transfer agents and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

50. Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law complained of herein.

51. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class action and securities litigation.

52. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Energy Recovery;
- whether the Individual Defendants caused Energy Recovery to issue false and misleading financial statements during the Class Period;
- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;
- whether the prices of Energy Recovery securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and,
- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

53. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

54. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;
- the omissions and misrepresentations were material;

- Energy Recovery securities are traded in efficient markets;
- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;
- the Company traded on the NASDAQ, and was covered by multiple analysts;
- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and
- Plaintiff and members of the Class purchased and/or sold Energy Recovery securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

55. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

56. Alternatively, Plaintiffs and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**Violation of Section 10(b) of**
**The Exchange Act and Rule 10b-5**
**Against All Defendants**

57. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

58. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

59. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in

order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Energy Recovery securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Energy Recovery securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

60. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Energy Recovery securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Energy Recovery's finances and business prospects.

61. By virtue of their positions at Energy Recovery, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

62. Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of Energy Recovery securities from their personal portfolios.

63. Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of Energy Recovery, the Individual Defendants had knowledge of the details of Energy Recovery's internal affairs.

64. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Energy Recovery. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Energy Recovery's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Energy Recovery securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Energy Recovery's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Energy Recovery securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

65. During the Class Period, Energy Recovery securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of

Energy Recovery securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Energy Recovery securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Energy Recovery securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

66. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

67. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

## Violation of Section 20(a) of The Exchange Act Against The Individual Defendants

68. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

69. During the Class Period, the Individual Defendants participated in the operation and management of Energy Recovery, and conducted and participated, directly and indirectly, in the conduct of Energy Recovery's business affairs. Because of their senior positions, they knew the adverse non-public information about Energy Recovery's misstatement of income and expenses and false financial statements.

70. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Energy Recovery's financial

condition and results of operations, and to correct promptly any public statements issued by Energy Recovery which had become materially false or misleading.

71. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Energy Recovery disseminated in the marketplace during the Class Period concerning Energy Recovery's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Energy Recovery to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Energy Recovery within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Energy Recovery securities.

72. Each of the Individual Defendants, therefore, acted as a controlling person of Energy Recovery. By reason of their senior management positions and/or being directors of Energy Recovery, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Energy Recovery to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Energy Recovery and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

73. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Energy Recovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: January 27, 2015

**GLANCY BINKOW & GOLDBERG LLP**

By: *s/ Robert V. Prongay*
Lionel Z. Glancy
Robert V. Prongay
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**POMERANTZ LLP**
Jeremy A. Lieberman
Francis P. McConville
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile: 212-661-8665

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

*Counsel for Plaintiff*

**CERTIFICATION PURSUANT**
**TO FEDERAL SECURITIES LAWS**

1. I, THOMAS C. MOWDY, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a Complaint against Energy Recovery, Inc. ("Energy Recovery" or the "Company"), and authorize the filing of a comparable complaint on my behalf.

3. I did not purchase or acquire Energy Recovery securities at the direction of plaintiffs counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4. I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired Energy Recovery securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5. To the best of my current knowledge, the attached sheet lists all of my transactions in Energy Recovery securities during the Class Period as specified in the Complaint.

6. During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7. I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed 1/22/2014
(Date)

(Signature)

THOMAS C. MOWDY JR
(Type or Print Name)

**Energy Recovery, Inc. (ERII)** **Mowdy, Thomas**

**LIST OF PURCHASES AND SALES**

| DATE | PURCHASE OR SALE | NUMBER OF SHS/UTS | PRICE PER SH/UT |
|---|---|---|---|
| 08/23/2013 | PUR | 300 | $5.4400 |
| 09/23/2013 | PUR | 600 | $7.2173 |
| 09/30/2013 | PUR | 500 | $7.1365 |
| 11/11/2013 | PUR | 1,000 | $5.0462 |
| 12/30/2013 | PUR | 1,000 | $5.7773 |
| 12/31/2013 | PUR | 100 | $5.6580 |
| 12/31/2013 | PUR | 200 | $5.6550 |
| 12/31/2013 | PUR | 300 | $5.6600 |
| 12/31/2013 | PUR | 400 | $5.6590 |
| 12/31/2013 | PUR | 500 | $5.6590 |
| 01/02/2014 | PUR | 2 | $5.3000 |
| 01/02/2014 | PUR | 398 | $5.3200 |
| 01/02/2014 | PUR | 100 | $5.3190 |
| 01/24/2014 | PUR | 500 | $4.0573 |